UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. CR 3-06-70819 BZ |
| v. | ) **DETENTION ORDER** |
| ULISES CASTELLANOS-CISNEROS, | ) |
| Defendant. | ) |

   This matter came before the Court on December 29, 2006, for a detention hearing.  The defendant, Ulises Castellanos-Cisneros, was present and represented by Curtis Rodriguez specially appearing for Arturo Hernandez-Melendez.  Assistant United States Attorney Dennis Nerney appeared for the United States of America.

   Pretrial Services submitted a report that recommended detention.  Proffers and arguments regarding detention were submitted by the parties at the hearing.

   Having considered the parties' proffers and the Pretrial Services Report, I find that the government has met its burden of showing that the defendant is a flight risk and a danger to the community, and that no conditions of release will

1

reasonably assure his appearance or the safety of the community.  In so finding, I have considered the following factors:

1. Given the charges defendant faces, violations of 21 U.S.C. 841(a)(1) and (b)(1)(A)(viii) and 21 U.S.C. 846, it is presumed, subject to rebuttal, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 U.S.C. §§ 3142(e) & (g)(1).  Defendant failed to submit evidence to dispel either presumption.

2. The defendant is charged with offenses that carries substantial minimum and maximum sentences, giving defendant an incentive to flee.

3. Defendant has demonstrated no substantial ties to the community.

4. Defendant has a prior criminal record that includes conviction of one felony related to the possession and purchase for sale of narcotics.  In passing the Bail Reform Act of 1984, Congress was particularly concerned with the danger that drugs pose to the community.  The evidence against him on this charge is strong.

5. Defendant presented no proposal that would adequately address the concerns about flight and danger to the community.

6. Defendant currently has an immigration detainer in place, giving defendant further incentive to not

      make his appearances.

   Therefore, **IT IS HEREBY ORDERED** that:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for a confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with his counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: January 3, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2006\Castellanos-Cisneros.wpd